Argued February 5, affirmed February 19, 1924.

## R. W. BREESE v. FRANK C. BRAMWELL AND THE BANK OF PRINEVILLE.

(223 Pac. 239.)

**Pleading—Demurrer to Complaint Admits Allegations Therein.**

1. The facts stated in a complaint are admitted by a demurrer thereto.

**Banks and Banking—Injunction Restraining Superintendent of Banks from Wrongfully Giving Preference to Creditor of Insolvent Bank Held Properly Granted.**

2. The trial court properly granted an injunction prohibiting superintendent of an insolvent bank from unlawfully giving a

preference to one of the bank's creditors by paying creditor's claim from the funds of the insolvent bank without an order of the court, to the irreparable injury of creditors of the insolvent bank; Section 6221, Or. L., not applying, and the bond of the superintendent of banks affording the complaining creditor no protection.

**Banks and Banking—Administration of Insolvent Banks is Subject to Supervision of Courts.**

3. The administration of insolvent banks by the superintendent of banks is subject to the supervision of the courts.

**Banks and Banking—Surety on Bank Superintendent's Bond not Liable for Loss to Depositor Resulting from Mistake of Judgment of Superintendent.**

4. Surety on the bond of the superintendent of banks would not be liable for loss to a depositor resulting from a mistake of judgment of the superintendent or his duly appointed and qualified deputy.

**Evidence—Appellate Court will not Presume Superintendent of Banks or His Deputy Acts or Would Act in Bad Faith.**

5. The appellate court will not presume that either the superintendent of banks or his deputy was acting or would act in bad faith.

From Crook: T. E. J. DUFFY, Judge.

Department 1.

This suit was before this court on an appeal from an order granting to the plaintiff a preliminary injunction. The appeal was dismissed because the order appealed from was not appealable: *Breese* v. *Bramwell*, 102 Or. 76 (201 Pac. 729). For additional facts reference is made to the former opinion of this court. After the former appeal was dismissed the defendant, Bramwell, who is also appellant here, filed a general demurrer to plaintiff's complaint. The demurrer was overruled and the defendant refusing to plead further, a decree was rendered in the Circuit Court as prayed for in the complaint. The following allegations are in the complaint:

"That the Crook County Bank is a banking corporation organized under the laws of the State of

Oregon, and is now and has been since the twenty-seventh day of December, 1920, insolvent and in charge of Frank C. Bramwell, superintendent of banks aforesaid, for liquidation; that the said superintendent of banks has drawn a check for a large sum of money against funds belonging to the insolvent Crook County Bank in payment of a claim of French & Co., bankers of The Dalles, without an order of the Circuit Court of the State of Oregon for Crook County.

"That the funds of the defunct Crook County Bank are on deposit with the bank of Prineville above named and they will pay said check so wrongfully issued and thereby the depositors of the Crook County Bank and each and all of them and the creditors thereof will not receive their *pro rata* amount of the funds of said defunct bank, for the payment of said check or any check in favor of French & Co., before a *pro rata* division of the funds of the bank is made, will result in a wrongful preference of one creditor over and above each and all of the other creditors of said insolvent bank.

"That the plaintiff is a depositor in said Crook County Bank and is entitled to a share *pro rata* in all money paid out to creditors and that the payment to said French & Co. of a check issued by the said Frank C. Bramwell or his deputy, George F. Euston, will irreparably injure and damage this plaintiff and all other depositors and claims of the said Crook County Bank."

The appellant assigned as error the granting of the preliminary injunction. No error is assigned because of the permanent injunction.     AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Willard H. Wirtz.*

For respondent there was a brief over the names of *Mr. Jay H. Upton* and *Mr. M. R. Elliott,* with an oral argument by *Mr. Upton.*

COSHOW, J.—1. It is elementary law that the facts stated in the complaint are admitted by a demurrer thereto. It appears from the allegations of the complaint that the defendant, Bramwell, was wrongfully about to pay one of the creditors of the Crook County Bank, an insolvent corporation, to the irreparable injury of the other creditors. The sole contention of the defendant, Bramwell, on this appeal is that the court was without authority to issue the preliminary injunction. This contention of the plaintiff is based upon the language in Section 6221, Or. L., which reads as follows:

"No attachment, injunction or execution shall be issued against such bank or its property before final judgment in any suit, action or proceeding in any court of competent jurisdiction."

2. As is pointed out in the prior decision of this court the Crook County Bank is not a party to this suit. No injunction was issued against it or its property. The injunction was the reverse of that. The injunction prohibited the defendant, Bramwell, from unlawfully and wrongfully giving a preference to one of the creditors of the insolvent bank. Instead of the injunction operating against the insolvent bank or its property, it operates to preserve that property until the court renders a proper order regarding the distribution of the funds.

The legislature of this state has not manifested any intention of depriving the courts of the state of their usual functions in the adjudication of disputes; on the contrary, Section 6221, Or. L., invokes the functions of the courts to adjust any differences that may arise with reference to claims against insolvent banks. It is admitted in this regard that the defendant, Bramwell, was about to pay a claim

from the funds of the insolvent bank wrongfully to the irreparable injury of the plaintiff and other creditors of that bank. If the court had been without power to prevent that wrongful action on the part of the defendant, Bramwell, the mischief would have been done. It might have been too late thereafter to have undone the wrong. The excerpt from said Section 6221, Or. L., is not applicable to the facts in the instant suit. No doubt the courts would enforce that provision of the statute if some creditor should have funds belonging to an insolvent bank attached or seized upon execution or the control of the superintendent of banks prevented by a writ of injunction. But such a state of facts does not exist in the instant suit. As has been said above, the reverse of that state of facts is presented in the instant case: Instead of the funds of the insolvent bank being seized by some creditor, according to this record, they were about to be wrongfully paid out by the superintendent of banks.

3. The record does not disclose that the affairs of the insolvent bank had been submitted to the court. The money was about to be paid out by the superintendent of banks without an order of the court. The respondent was entitled to the protection of the court. He was threatened with an irreparable injury to his property. The fact that the bank was in charge of the superintendent of banks did not oust the court of its jurisdiction. The administration of insolvent banks by the superintendent of banks is subject to the supervision of the courts: *Upham* v. *Bramwell,* 105 Or. 597 (209 Pac. 100, 210 Pac. 706, 25 A. L. R. 919).

4, 5. The bond given by the superintendent of banks would not have protected the respondent. The

surety on his bond would not be liable for loss to a depositor resulting from a mistake of judgment of the superintendent of banks or his duly appointed and qualified deputy. We will not presume that either the superintendent or his deputy was acting or would act with bad faith.

The decree of the Circuit Court is affirmed.

AFFIRMED.

McBRIDE, C. J., and BURNETT and RAND, JJ., concur.